IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CHRISTOPHER SHANE HAMILTON,

    Petitioner,

v.                                     Civil Action No. 3:14CV636

DIRECTOR OF VDOC,

    Respondent.

MEMORANDUM OPINION

Christopher Shane Hamilton, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Respondent moves to dismiss. Hamilton has not responded. For the reasons stated below, the Motion to Dismiss will be denied without prejudice.

I.   PROCEDURAL HISTORY

On February 7, 2012, the Circuit Court for the City of Williamsburg and the County of James City ("Circuit Court") convicted Hamilton pursuant to a guilty plea, of two counts of robbery, felony eluding police, two counts of abduction, and four counts of use of a firearm, and sentenced Hamilton to an active term of twenty-two years in prison. Commonwealth v. Hamilton, Nos. 20479-00, 20481-00 through 20484-00, 20489-00, 20490-00, 20562-00, and 20566-00, at 1-3 (Va. Cir. Ct. Feb. 7, 2012).[1] Hamilton appealed. On December 3, 2012, the Supreme

---

[1] Pursuant to the plea agreement, the Commonwealth agreed to dismiss six additional charges. Plea Agreement at 3,

Court of Virginia refused Hamilton's petition for appeal. Hamilton v. Commonwealth, No. 121286, at 1 (Va. Dec. 3, 2012).

On November 4, 2013, Hamilton filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising the same claims as in the instant § 2254 Petition. Petition for Writ of Habeas Corpus at 1, Hamilton v. Dir. of the Dep't of Corr., No. 131738 (Va. filed Nov. 4, 2013). On June 6, 2014, the Supreme Court of Virginia granted the Respondent's motion to dismiss and dismissed the petition. Hamilton v. Dir. of the Dep't of Corr., No. 131738, 1-3 (Va. June 6, 2014).

Thereafter, Hamilton filed the present § 2254 Petition in which he raises the following claims for relief:[2]

Claim One:   Counsel rendered ineffective assistance by failing to "perform pre-trial investigation" on the abduction and robbery charge and thereby "push[ed] a plea agreement on defendant" despite Hamilton's "reluctance to take a plea." (§ 2254 Pet. Attach. 2-3, ECF No. 1-1.)

Claim Two:   Hamilton's abduction convictions were invalid because they were incidental to his robbery convictions. (Id. at 4-6.)

## II. ANALYSIS

Respondent's Motion to Dismiss fails to adequately address Hamilton's § 2254 Petition. First, Respondent asserts that the

---

Commonwealth v. Hamilton, Nos. 20479-00, 20481-00 through 20484-00, 20489-00 through 20493-00, 20562-00, and 20566-00 (Va. Cir. Ct. entered Sept. 7, 2011).

[2] The Court employs the pagination assigned by the CM/ECF docketing system for Hamilton's § 2254 Petition and Attachment.

2

one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. In reaching this conclusion, Respondent erroneously states that Hamilton filed no appeal. To the contrary, the record conclusively demonstrates that Hamilton appealed, and the Supreme Court of Virginia dismissed his appeal on December 3, 2012. Moreover, Hamilton's § 2254 Petition was timely filed.

Second, in its "merits" review, Respondent merely raises procedural bars to this Court's review of Hamilton's claims instead of addressing the substance of each. Respondent argues that Hamilton's ineffective assistance claim is procedurally defaulted because the Supreme Court of Virginia applied the rule in Anderson v. Warden, 281 S.E.2d 886) (Va. 1981), and refused to consider his claims on habeas review because his allegations contradicted his representations at his guilty plea colloquy. (Br. Supp. Mot. Dismiss 9-10). Respondent fails to adequately explain why the Court should enforce that bar under the present circumstances. See Davis v. Mitchell, No. 3:09CV37, 2010 WL 1169956, at *5 (E.D. Va. Mar. 24, 2010) (citing Royal v. Taylor, 188 F.3d 239, 247-48 (4th Cir. 1999); Slavek v. Hinkle, 359 F. Supp. 2d 473, 490-91 (E.D. Va. 2005)). Thus, the Court cannot grant the motion to dismiss based on Respondent's argument that Hamilton's guilty plea precludes review of this claim.

In the second portion of his ineffective assistance claim, Hamilton argues that counsel failed to advise him, prior to the

3

entry of his guilty plea, of information that may have undermined the robbery and abduction charges, and for failing to move to strike the charges. Respondent relies on the Supreme Court of Virginia's narrow reading of Hamilton's argument listed under Claim One, and argues that the Supreme Court of Virginia's conclusion, that Hamilton failed to proffer the information that would have allegedly demonstrated his charges were invalid, is not contrary to or an unreasonable application of federal law. (Mem. Supp. Mot. Dismiss. 11.) Hamilton, however, supplies this "information" and further supporting argument for his claim under Claim Two. Hamilton argues that: "the alleged abductions [were] merely incidental to the crime of robbery" and "defendant did nothing more than what was necessary to commit the crime of robbery." (§ 2254 Pet. Attach 4.) Hamilton then provides the factual basis for his claim.

While not eloquently articulated, the Court readily discerns that the heart of Hamilton's petition argues that counsel rendered ineffective assistance by failing to properly advise Hamilton about the incidental detention doctrine, see Jones v. Sussex I State Prison, 591 F.3d 707, 710 (4th Cir. 2010), prior to the entry of his guilty plea, thus, making his plea invalid. Respondent avoids addressing this aspect of Hamilton's ineffective assistance claim.

Moreover, in addressing Claim Two, Respondent argues that Hamilton's claim challenging his convictions under the

4

incidental detention doctrine is procedurally barred because the Supreme Court of Virginia applied the rule in <u>Peyton v. King</u>, 169 S.E.2d 569, 571 (Va. 1969), and refused to consider his claim on habeas review because a "voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea." (Mem. Supp. § 2254 Pet. 11.) However, in this instance, Hamilton argues that his guilty plea was not knowingly, voluntarily, or intelligently entered into due to deficiencies of counsel in failing to advise him about the incidental detention doctrine. Thus, Respondent fails to demonstrate that <u>Peyton</u>, or any corresponding federal jurisprudence, bars Hamilton's claim from review here.

Accordingly, the Motion to Dismiss (ECF No. 9) will be denied without prejudice. Respondent will be directed to file, within thirty (30) days of the date of entry hereof, a further response, which may raise any procedural defenses and must address the merits of Hamilton's claims.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Hamilton and counsel for Respondent.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 8, 2015

5